HERMINIO RÍOS, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 980. Submitted November 2, 1936.—Decided November 20, 1936.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Herminio Ríos presented in the Registry of Property of Caguas a certified copy of a will executed by Julia Ramírez Jiménez. By this will Mrs. Ramírez bequeaths to the appellant a one-story wooden house, no. 34, with a zinc roof, located on Padilla el Caribe Street. He also presented a certain receipt which, according to the appellant, evidences payment of the inheritance tax and fulfills the statutory requisites for the registration of the property in his name. The registrar refused to make the record requested because he had not been shown "the corresponding receipt issued by

the Treasurer of Puerto Rico showing that the inheritance tax had been liquidated and paid, in accordance with Section 12 of Act 99, approved on August 29, 1925.''

The appellant argues that the Treasurer of Puerto Rico does not receive any part of the income of the Insular Treasury, which is received in his name by the collectors of internal revenue, acting as his representatives. He contends that the receipts for property taxes issued by the collectors prove the payment of the said taxes and that inasmuch as these have been duly paid the property should have been registered in his name. The appellant presented to the registrar a document showing that the inheritance tax was fixed at $27. The Collector of Internal Revenue of Caguas states that this sum was paid by the appellant Herminio Ríos The registrar is of the opinion that this is a provisional receipt which does not comply with the statutory requisites for registration of the property in the name of the appellant.

According to Section 11 of Act No. 99 to modify and extend the inheritance tax and for other purposes, approved in 1925 (Laws, p. 790), it shall be the duty of the Treasurer of Puerto Rico to issue to the administrator, executor, trustee or person administering any estate subject to the said tax, special tax receipts therefor in triplicate, and according to Section 12 of the said act, as amended in 1933 (Act No. 20, Laws of 1932–33, p. 232), no court shall approve the partition or distribution of the estate of any decedent or allow any final settlement of the accounts of any executor, administrator, trustee, or person administering any estate, unless the special receipt or receipts as provided in Section 11 of this Act have been produced and exhibited, and no registrar shall record in any registry under his charge any instrument or judicial decision, ruling or judicial warrant, authorized, rendered or issued in connection with the partition, distribution or delivery of such property, unless such receipt or receipts of the treasurer are presented. It is clearly seen that the receipts required by Section 11

are special receipts which should be issued in triplicate and which should be authorized by the Treasurer of Puerto Rico. The receipt presented by the appellant is a provisional receipt, issued by the collector of internal revenue, and not the final receipt required by statute, which the treasurer must issue. Until this recipt is issued the registrar is not required to make the registration.

The decision appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.